**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| JAIME A. CARVAJAL, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 06-2265 (RMU) |
| | : | | |
| v. | : | Document No.: | 2 |
| | : | | |
| DRUG ENFORCEMENT AGENCY *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

**MEMORANDUM ORDER**

**DENYING THE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT;**
**GRANTING AN EXTENSION OF TIME FOR SERVICE OF PROCESS**

**I.  INTRODUCTION**

The *pro se* plaintiff, Jaime Carvajal, seeks an entry of a default judgment against the

defendants, various federal agencies, vindicating his suit under the Freedom of Information Act

for records he alleges the defendants have improperly withheld.  The defendants oppose such an

entry, asserting that the plaintiff has not properly effectuated service and that, even if he had,

default judgment may not be entered against the United States absent an independent factual

showing of a meritorious claim.  Because the plaintiff cannot effectively challenge the

government's propositions, the court denies his motion.

**II.  DISCUSSION**

The plaintiff filed a complaint on December 29, 2006, alleging succinctly and without

further elaboration that "records/information he is legally entitled to view/possess and have

provided to him upon request under the F.O.I.A. is [sic] being improperly refused/withheld from

him without just cause by the named defendants."  Compl. at 2.  The plaintiff asserts that all

seven of the identified defendants received service by January 22, 2007, attaching as proof

thereof seven certified mail receipts – each addressed to the U.S. Attorney General at 950

Pennsylvania Ave., N.W., Washington, D.C. 20530 and differing only by a particular defendant's

name (e.g., "Federal Bureau of Investigation") above the street address.  Pl.'s Mot. for Default J.

at 1, Ex. B.[1]  Because the defendants have not responded within 30 days, the plaintiff claims the

day is his and a default judgment must be granted.  *Id.* at 1-2.

The defendants do not contest that they have 30 days to respond to a properly served

FOIA complaint.  Defs.' Opp'n at 1-2; 5 U.S.C. § 552(a)(4)(C).  They simply contest the validity

of service in the first place, citing the unique multiple service requirements for complaints

involving the federal government as detailed in Federal Rule of Civil Procedure 4(i).  *Id.* at 2.  To

accomplish service on the United States, Rule 4(i) requires the delivery of a copy of the

summons and complaint to each of the following: (1) the United States Attorney for the district

in which the action is brought or a designated Assistant United States Attorney or process clerk;

(2) the Attorney General of the United States; and (3) the appropriate officer or agency of the

United States when such person or entity is named as a defendant.  FED. R. CIV. P. 4(i).

Here, the plaintiff did not serve the U.S. Attorney for D.C., nor did he serve the

individual agencies themselves at their proper addresses.  Service is to be completed within 120

days of the filing of a complaint.  FED. R. CIV. P. 4(m).  That deadline has long since passed.

Thus, not only must the court deny the motion for a default judgment,[2] it must dismiss the

---

[1]     The court notes that the plaintiff has adduced only six *signed* return-receipts, one of which
indicates a delivery date of January 23, 2007.  Pl.'s Mot. for Default J., Ex. B.

[2]     Even if the deadline for service had not expired, the plaintiff's motion would be denied for
failure to comply with the two-step process provided in Federal Rule of Civil Procedure 55
whereby a plaintiff first seeks an entry of default from the Clerk of the court, then a default
judgment from the court itself.  FED. R. CIV. P. 55; *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th
Cir. 1986); *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981).  By ignoring this path, the
plaintiff recklessly shortcuts the defendant's procedural protections.  *Meehan*, 652 F.2d at 276
(noting that "pursuant to Rule 55(c), the defendant has an opportunity to seek to have the default
set aside").

complaint unless an extension may be granted for the plaintiff to cure service. *See* FED. R. CIV. P. 4(i)(3).

A court may give a plaintiff a reasonable amount of time to cure service, if the plaintiff has already accomplished service on either the relevant U.S. Attorney or the U.S. Attorney General. *Id.*; *McMasters v. United States*, 260 F.3d 814, 817-18 (7th Cir. 2001). The government claims that the plaintiff failed to properly serve either the U.S. Attorney or the U.S. Attorney General. Defs.' Opp'n at 2. But the plaintiff has submitted a signed return receipt that reads: "Alberto Gonzales, U.S. Atty. Gen., 950 Pennsylvania Avenue, N.W. Washington, D.C. 20530." And this is the address to which the Department of Justice indicates correspondence to the Attorney General should be mailed. U.S. Dep't of Justice Contact Page, http://www.usdoj.gov/contact-us.html. Therefore, absent further evidence of the insufficiency of service on the Attorney General, the court declines to dismiss the complaint, provided that within 60 days the plaintiff effectuates service on the remaining required parties.

Accordingly, it is this 3rd day of December, 2007, hereby

**ORDERED** that the plaintiff's motion for default judgment is **DENIED**; and it is

**FURTHER ORDERED** that the plaintiff will perfect service on the U.S. Attorney for D.C. and the agency defendants by February 3, 2008 or the plaintiff's complaint will be dismissed;

**SO ORDERED**.

RICARDO M. URBINA
United States District Judge
