UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMIE A. CARVAJAL,<br><br>    Plaintiff,<br><br>    v.<br><br>DRUG ENFORCEMENT<br>ADMINISTRATION, et al.,<br><br>    Defendants. | Civil Action No. 06-2265 (JDB) |

## MEMORANDUM OPINION & ORDER

Plaintiff, a prisoner incarcerated at the Federal Correctional Institution ("FCI") in El Reno, Oklahoma, filed a pro se complaint that was dismissed by the Court[1] on June 10, 2009 because plaintiff failed to respond to defendants' summary judgment motion. On November 29, 2011, plaintiff moved to reinstate his case. For the reasons stated below, his motion will be denied.

### I.  Background

On December 29, 2006, plaintiff filed the complaint in the instant action, suing the Drug Enforcement Agency, the Federal Bureau of Investigation, the Internal Revenue Service, the Department of the Treasury, the Bureau of Alcohol, Tobacco, Firearms and Explosives, then-Attorney General Alberto Gonzalez, and the "Freedom of Information/Privacy Agency for the United States" for allegedly withholding material that he was entitled to receive under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Compl. [ECF 1] ¶¶ 1-2.

---

[1] The case was re-assigned to the undersigned judge in April 2012 after the retirement of the judge who previously presided over it.

Defendants moved for summary judgment on November 25, 2008 urging the court to dismiss the case because: (1) the first named defendant, the Drug Enforcement Agency, properly withheld the requested documentation from release under several FOIA exemptions; (2) the second, third, fourth and fifth named defendants -- the Federal Bureau of Investigation, the Internal Revenue Service, the Department of the Treasury, and the Bureau of Alcohol, Tobacco, Firearms and Explosives -- were not sent any FOIA requests; (3) the sixth named defendant, the Attorney General, is not a proper defendant; and (4) the "Freedom of Information/Privacy Agency for the United States" does not exist. See generally Defs.' Mot. for Summ. J. [ECF 10].

Defendants initially served plaintiff with a copy of the summary judgment motion at FCI Seagoville, Texas, where plaintiff had previously been housed, but the motion was returned as undeliverable. Defs.' Mem. Opp'n to Pl.'s Mot. Recons. [ECF 17] ("Defs.' Opp'n") at 1. On December 31, 2008, defendants served another copy of the motion on plaintiff at the FCI in Edgefield, South Carolina, where plaintiff was housed from September 4, 2008 until March 11, 2009. Notice of New Address for Pl. and of Renewed Service of Mot. Summ. J. [ECF 11]; Defs.' Opp'n, Ex. A at 3 (official inmate history of plaintiff's transfers between FCIs).

Because plaintiff did not respond to defendants' summary judgment motion, the Court issued an order on May 7, 2009 directing plaintiff to respond to the motion by May 18, 2009, and warning him that failure to do so could result in a judgment in favor of defendants. Order Directing Pl. to Respond to Defs.' Mot. Summ. J. [ECF 12]. When plaintiff still did not respond, on June 10, 2009, the Court treated defendants' motion for summary judgment as conceded and granted summary judgment. Order Granting Defs.' Mot. for Summ. J [ECF 13]; Memorandum Opinion [ECF 14]; see Local Civ. Rule 7(b).

2

More than two years later, on November 29, 2011, plaintiff moved to reinstate his case. He contends that he was subjected to "diesel therapy," or constant transfer between prisons, that prevented the receipt of his legal mail until late 2009. Pl.'s Mot. Reinstate [ECF 15] ("Pl.'s Mot.") at 6. A review of documents provided by the Bureau of Prisons shows the following: on February 7, 2007, plaintiff was transferred out of FCI Seagoville, the location where defendants first served their summary judgment motion. Defs.' Opp'n, Ex. A at 3. Between February 7, 2007 and September 24, 2008 plaintiff was moved more than a dozen times before coming to rest at the FCI in Edgefield, South Carolina, where defendants served him the second time on December 31, 2008. Id. He remained at FCI Edgefield until March 11, 2009. Id. The transfers then re-started, and plaintiff was moved almost ten times before he reached his present facility in El Reno, Oklahoma on August 4, 2009. Id.

Plaintiff contends that he did not receive his personal property until more than two months after his arrival at FCI El Reno, which would be in October 2009. Pl.'s Resp. to Defs.' Opp'n to Pl.'s Mot. Reinstate [ECF 19] ("Pl.'s Reply") at 3. He then had access to his legal papers in this case, including defendants' summary judgment motion,[2] until his papers were confiscated on July 20, 2010 (presumably because plaintiff was keeping the documents in his living quarters instead of an assigned legal locker). See Pl.'s Reply at 3, Ex. D at 1, Ex. E at 1. Hence, assuming the truth of plaintiff's contentions, he had possession of his legal papers for about ten months from fall 2009 to summer 2010. He filed his Motion to Reinstate on November 29, 2011.[3]

---

[2] Plaintiff writes that he "determine[d] the status of his cause" after receiving his personal property in FCI El Reno. Pl.'s Reply at 3.

[3] It is not clear whether plaintiff's papers have now been returned. Plaintiff requested a legal locker in order to facilitate the return of his legal papers on August 9, 2010, but his request was denied because he did not provide the docket number and court for his case. Pl.'s Reply, Ex. E. at

**II. Discussion**

Plaintiff contends that his case should be reinstated because he was denied access to his legal mail at the time defendants' summary judgment motion was filed and later granted. Pl.'s Mot. at 6. Defendants oppose plaintiff's motion, arguing that his motion was not made within a reasonable time and that there are no extraordinary circumstances that justify the relief plaintiff seeks.  Defs.' Opp'n at 3.

Plaintiff's motion does not specify the basis for his request for reinstatement, but the Court will treat the motion as one to alter the judgment under Fed. R. Civ. P. 59(e) or for reconsideration under Fed. R. Civ. P. 60(b). Under Rule 59(e), a motion to alter or amend the judgment must be filed within 28 days of entry of judgment, and "the District Court simply has no power to extend that time limitation." Ctr. for Nuclear Responsibility, Inc. v. U.S. Nuclear Regulatory Comm'n, 781 F.2d 935, 941 (D.C. Cir. 1986). Accordingly, if plaintiff's motion was intended as a Rule 59(e) motion, it must be denied as untimely.

A motion for relief from judgment under Rule 60(b), however, need not be filed within 28 days of the entry of judgment. The Court will therefore construe plaintiff's motion for reconsideration as one filed under Rule 60(b). That rule sets forth six grounds for relief from judgment: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud or misrepresentation; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; and (6) any other reason justifying relief from the operation of the judgment. Id. As to the first three grounds for relief under the rule, the motion must be made within one year of the entry of judgment. Fed. R. Civ. P. 60(c)(1). Since the instant motion was

---

1. He contends that the only way to retrieve that information would have been to look at the legal documents, which, of course, had been confiscated. Pl's Reply at 3. Plaintiff evidently uncovered that information at some point, however, because he successfully filed his motion to reinstate.

4

filed more than one year after the entry of judgment, those three grounds do not apply to this case. Of the remaining grounds, the only one applicable to this case is Rule 60(b)(6), which allows a court to alter or provide relief from a final order "upon such terms as are just" for any "reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6).

Any motion brought under Rule 60(b) "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). The timeliness of a Rule 60(b) motion is measured from the date of the judgment being attacked. See McMillian v. District of Columbia, 241 F.R.D. 12, 14 (D.D.C. 2006) (collecting cases). The definition of a "reasonable time" varies with the circumstances, and a court must balance the interests of justice and the sanctity of final judgments in determining whether a delay is "reasonable." See, e.g., Good Luck Nursing Home, Inc. v. Harris, 636 F.2d 572, 577 (D.C. Cir. 1980). In this Circuit, courts almost uniformly deny Rule 60(b)(6) motions as untimely when they are filed more than three months after judgment.[4] See McMillian, 241 F.R.D. at 14 (citing Brannum v. Buriltanu, No. Civ. A. 96-302 (RMU), 1999 WL 680007, at *2 (D.D.C. July 28, 1999) (synthesizing D.C. Circuit law on what constitutes a "reasonable time" under Rule 60(b)(6) and finding that this Circuit almost always denies 60(b)(6) motions when filed more than three months after judgment is filed)). However, a delay of several years has been found permissible when plaintiff bore no fault for the delay and filed the motion as soon as

---

[4] The Court has found only four reported decisions in the D.C. Circuit that have found Rule 60(b)(6) motions timely when filed more than three months after judgment, each of which is distinguishable. See Williams v. Capital Transit Co., 215 F.2d 487, 490 (D.C. Cir. 1954) (60(b)(6) motion filed three years after default judgment was timely where defendant filed motion within three weeks of learning of default judgment); L.P. Steuart, Inc. v. Matthews, 329 F.2d 234, 235-36 (D.C. Cir. 1964) (60(b)(6) motion filed two years after judgment was timely where the delay was caused by counsel's "gross neglect"); Erick Rios Bridoux v. Eastern Air Lines, 214 F.2d 207, 209 (D.C. Cir. 1954) (60(b)(6) motion filed six months after default judgment was timely where defendant filed motion within one month of learning of judgment); Salazar ex rel. Salazar v. Dist. of Columbia, 633 F.3d 1110, 1119 (D.C. Cir. 2011) (60(b)(6) motion filed twenty months after judgment was timely in institutional reform case).

feasible. See Klapptrott v. United States, 335 U.S. 601, 615 (1949) (holding that a default judgment was properly vacated more than four years after its entry where the petitioner faced a series of extraordinary hardships); but see Ackerman v. United States, 340 U.S. 193, 202 (1950) (petitioner was not entitled to relief from judgment where motion was filed more than four years after entry of judgment and petitioner did not show extraordinary circumstances). Rule 60(b)(6) relief normally will not be granted unless the moving party is able to show circumstances beyond its control prevented taking "earlier, more timely" action to protect its interests. United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993) (collecting cases).

Courts have taken into account a delay in receiving notice of the judgment when evaluating whether a Rule 60(b) motion was timely filed. See Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 399, 403 (5th Cir. 1981) (taking into account five month delay in receiving notice of judgment when finding 60(b) motion filed six months after judgment was timely); Tozer v. Charles A. Krause Mill. Co., 189 F.2d 242, 244 (3d Cir. 1951) (taking into account four month delay in receiving notice of judgment when finding 60(b) motion filed five months after judgment was timely). This Circuit has found Rule 60(b) motions timely where they are filed promptly following notice of the judgment. See Williams, 215 F.2d at 489-90 & n.1 (motion filed within three weeks of learning of judgment); Erick Rios Bridoux, 214 F.2d at 209 (motion filed within one month of learning of judgment). Compare Mayfair Extension, Inc. v. Magee, 241 F.2d 453, 453-54 (D.C. Cir. 1957) (motion was untimely when filed almost a year after moving party was fully advised of the judgment).

In the specific context of filings by pro se prisoners, courts have modified the duty to actively monitor the docket given the practical difficulties of doing so while incarcerated. See Houston v. Lack, 487 U.S. 266, 270-72 (1988). Hence, courts may show more leniency in

6

permitting a pro se inmate to file a belated Rule 60(b) motion where the inmate did not actually know of developments in the case. See Smith v. Muccino, 223 F. Supp. 2d 396, 403-04 & n.10 (D. Conn. 2002).  That courts will often give pro se inmates more time to learn about case developments, however, does not mean that courts allow inmates significantly more time than other litigants to file after learning about the developments. Moreover, there is no general excuse for a pro se plaintiff's procedural missteps in a civil case. See McNeil v. United States, 508 U.S. 106, 113 (1993); Bowie v. Maddox, 677 F. Supp. 2d 276, 282 (D.D.C. 2010).

Finally, the D.C. Circuit has also considered prejudice to the non-moving party as a factor in determining whether a Rule 60(b) motion was timely filed. See Expeditions Unlimited Aquatic Enters. v. Smithsonian Inst., 500 F.2d 808, 810 (D.C. Cir. 1974). But prejudice is just one component of the reasonable time requirement, and lack of prejudice alone is not a reason for finding a motion timely. See In re Sealed Case (Bowles), 624 F.3d 482, 487 (D.C. Cir. 2010) ("[T]he district court may vacate and re-enter a judgment pursuant to Rule 60(b) when (1) neither party had actual notice of the entry of judgment, (2) the winning party is not prejudiced by the appeal, and (3) the losing party moves to vacate the judgment within a reasonable time after he learns of its entry.") (internal quotation marks omitted); see also Hirshon v. Republic of Bolivia, 979 F. Supp. 908, 914 (D.D.C. 1997).

Here, plaintiff filed this motion more than twenty-five months after the court granted defendants' motion for summary judgment. It seems likely that plaintiff received a copy of the motion in December 2008 and had uninterrupted access to it until he left FCI Edgefield in March 2009, giving him more than two months to file his opposition. But even if the Court credits everything plaintiff says about the claimed delay in mail delivery and the confiscation of his papers, plaintiff still had his legal documents from about October 2009 to July 2010, yet he failed

7

to file his motion during that ten-month period. There may also have been an additional time lapse between the apparent return of plaintiff's legal papers and his eventual filing in November 2011. But even accounting for the difficulties attendant in filing legal papers from prison, the delay between plaintiff's receipt of the judgment and his eventual filing of a motion to reinstate is well outside the bounds of what this Circuit has generally determined to be a reasonable time.

While "a district court enjoys significant discretion in deciding whether to grant or deny a Rule 60(b) motion," Computer Prof'ls for Soc. Responsibility v. U.S. Secret Serv., 72 F.3d 897, 903 (D.C. Cir. 1996), it is well established that Rule 60(b)(6) "relief should be only sparingly used" in "extraordinary circumstances," id. (internal quotation marks and citation omitted). Plaintiff has not argued that there are any "'extraordinary circumstances' suggesting that [he] is faultless in the delay," at least as to the ten-month period after he arrived at FCI El Reno and before his papers were confiscated. See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 393 (1993). Hence, plaintiff's Rule 60(b) motion was not brought within a "reasonable time" under Rule 60(c)(1), and it will therefore be denied.[5]

---

[5] The Court notes that it appears that plaintiff's claims are unmeritorious, as the Drug Enforcement Agency ("DEA") properly invoked FOIA exemption (7)(D) to deny the requested records. The records concern a transcript of a conversation with a confidential DEA source who informed against plaintiff. Section (7)(D) exempts records compiled for law enforcement purposes that "could reasonably be expected to disclose the identity of a confidential source." 5 U.S.C. § 552(b)(7)(D). The exemption is only rebuttable by "absolutely solid evidence showing that the source . . . has manifested complete disregard for confidentiality," Parker v. Dept. of Justice, 934 F.2d 375, 378 (D.C. Cir. 1991) (citations omitted), or when "the exact information given to the [law enforcement authority] has already become public, and the fact that the informant gave the same information to the [law enforcement authority] is also public," Dow Jones & Co. v. Dept. of Justice, 917 F.2d 571, 577 (D.C. Cir. 1990). While plaintiff's motion names who he believes the informants were in his investigation, his claim does not appear to rise to the level required by this Circuit's case law. See Pl.'s Mot. at 5-6.

### III.  Conclusion

For the reasons explained above, it is hereby **ORDERED** that [15] plaintiff's motion for relief from judgment is denied.

**SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Dated: July 13, 2012